Please be seated. We have five cases on the calendar this morning, two veterans cases, a patent case, two government employee cases, one of which is being submitted only in the briefs and will not be argued. The first case is Antonio Paredes v. Secretary of Veterans Affairs, 2015-7026. Mr. Lachlan. Yes. Good morning, Your Honors, and may it please the Court. The Veterans Court erred when it held that without specific evidence of in-service events, Mr. Paredes is not entitled to service-connected benefits as a matter of law. Under the correct legal standard, Mr. Paredes' post-service lay statements regarding in-service symptoms of schizophrenia can support a claim of in-service incurrence of that disability. Did the Board do anything wrong here, or are we just talking about it here by the Veterans Court? Well, what we're challenging here today, Your Honor, is the Veterans Court's legal standard, which excludes Mr. Paredes' lay statements of in-service symptoms of schizophrenia. We did challenge before the Veterans Court the Board's lack of any credibility finding. Right, I understand that, but here, as far as the schizophrenia determination is concerned, the legal error is there's no legal error in the Board's decision, correct? Well, we're arguing that the Board erred when it failed to consider those in-service symptoms and the lay statements of in-service symptoms. So we would argue that there was legal error in the Board's decision, but we're not asking... Legal error in the Board's decision? The legal error in the Board's decision was the failure to... which is the failure to make any credibility assessment regarding the in-service symptoms of schizophrenia and the lay statements regarding in-service symptoms. I thought the Board made a determination that the doctor's assessment was more credible than the lay statements, which seems to me to be a fact determination that's beyond our jurisdiction. Well, what the Board and the Veterans Court found in this case was not that the in-service symptoms were incredible. What they found was, and they quoted the VA examiners, and they cited to the VA examiners' findings that the statements of in-service events were delusions. There's been no finding by either the Veterans Court, the Board, or the VA examiners that his statements that he experienced hallucinations, delusions, paranoia, various symptoms in service, there's been no finding that any of those statements are delusions. Well, let's assume that we disagree with you and we conclude that there's no legal error in the Board decision, but that there is a mistake in the Veterans Court. Where does that leave us? I think, well, what's at issue here is what the Veterans Court did in its decision, and this Court can find that the Veterans Court made an error in excluding Mr. Paredes' post-service statements of in-service symptomatology and re-meant for the Veterans Court to, in the first instance, adjudicate the Board's decision. The Board's decision has yet to be adjudicated under the proper legal standard, and that's the problem here is that the Veterans Court needs to look at this case under the proper legal standard, which recognizes that if the schizophrenia began in service, then in-service incurrence can be shown. So I think that if this Court finds that the Veterans Court applied an incorrect legal standard to this case, this Court should re-ment to the Veterans Court for a new decision and application of the proper legal standard. I understand what you're saying, but are you relying on the legal error in the Veterans Court decision for this sentence on page 6? I think it's the one you cited in your brief that looks at whether the claim in-service events occurred, and you're saying that they're misconstruing it because it doesn't have to just be whether his description of the events occurred, but whether his description of his symptoms arose. That's right. This isn't a very well-written opinion. I'll agree with you on that, but the sentence before that sentence you quote, it talks about whether his statements are the evidence of an in-service incurrence of the schizophrenia, and then talks about an in-service event or incurrence. So it seems to me like they knew that he was arguing not just that this happened in service, because it's pretty clear that everybody thinks this was a delusion, but also that his statement should be considered as evidence of an incurrence of schizophrenia. That sentence seems to recognize that they can support that. So if that's the case, then how do we find legal error there? It could be that they knew he was arguing his in-service symptoms could support in-service incurrence, but despite the use of the word incurrence in that one particular sentence, the Veterans Court's decision should be read as a whole, and in the very next sentence is where they describe their definition of incurrence that they're using to make the decision in this case. So regardless of the use of the word incurrence, in the very next sentence they state, without evidence of in-service events, he's not. Why wouldn't we flip that and say they're applying the broader standard, and here in the second sentence that we're talking about, they're just specifically responding to the arguments you made on appeal to the Veterans Court, where it did talk about the credibility of his account of those of actual events occurring, not symptoms. I think it's a good point to me. I tried to look, and I couldn't find a whole lot specific where there's evidence that his schizophrenia arose in service, rather than his description of this event, which he thinks happened, which I think everybody agrees is probably a delusion, happened. Is there anything specific saying that even if this event didn't happen, he had symptoms? Sure. And beyond, I know there's the drug use and there's the sleeplessness, but I didn't see anything more specific than that. Okay. Well, there's various pieces of evidence in the record, and it's actually quite consistent. Starting in April 1993, he goes into treatment, and he talks about having auditory hallucinations since he was in his 20s, which does correspond with service. And this April 1993 treatment provider actually states, I consider him reliable in his reports that he actually experienced auditory hallucinations in his 20s. Moving on, we have a May 2003 private treatment record, which is cited in the opening brief at pages 13 and 4, where the treatment provider notes, client has been experiencing psychotic symptoms since 1978, when he was in the Army at Fort Bliss. We also have... But this was all in the record before the board, right? This was in the record before the board, and it was... And the board looked at all of this, and they determined that the medical examination report was more credible as to whether he had any in-service occurrence of schizophrenia or not. They found that the medical examination reports were more credible in their finding that his events in service were delusions. Did you argue in the veterans' court that the board's determination in that respect was erroneous? We did argue before the veterans' court that... We made a general argument that the board failed to address the credibility of the lay statements of record. We noted that... But when you're talking about the lay statements of record, you were talking about that fantastic story told, not all these other pieces of evidence, weren't you? But we also noted in our briefs before the veterans' court that Mr. Predis' lay statements are competent to report his own experiences of symptomatology, and we actually did cite to... But I don't see that the board was saying otherwise. Well, the problem, Your Honor, is that the board never addressed this issue. The only credibility assessment they made was with regard to the PTSD stressor. When they reached the schizophrenia claim, they simply stated that Mr. Predis is not entitled to offer an opinion on etiology. They never made an assessment of the credibility of his statements that his symptoms began in service. I thought they said that the medical examiner's assessment of the origins of the schizophrenia were more reliable. What is the page of the board decision that addresses this? Okay, so looking at page 161 of the joint appendix. 161? Yes. So all they're saying here, bottom of the first paragraph, is that the veterans' lay statements as to nexus are outweighed by the probative medical evidence of record, which does not relate the veterans' acquired psychiatric disorder to any incident of military service. And in the sentence preceding that, his opinion is not competent with regard to an assessment as to etiology. So what they're addressing here is not the credibility of his statements of symptoms in service, but his competence to render an opinion between any in-service occurrence and his current schizophrenia. Then they move on and address the 2012 examiner's opinion and state that the examiner, being a medical examiner, is more competent to render an opinion on nexus. And we had actually challenged the nexus determination by the board before the veterans' court. We also challenged the adequacy of the- What did you say about the nexus determination? We argued that it was erroneous because of the failure to render a credibility determination regarding the symptoms in service. So that's what the problem here is that the veterans' court never addressed any of these issues because of its finding that without evidence of events in service, in the veterans' court's words, an opinion, the adequacy of an opinion on nexus, he's not entitled to benefits as a matter of law regardless of the adequacy opinion on nexus. So the veterans' court doesn't reach the question of nexus because of the credibility, because of its determination that only the events need to be considered. If there are no further questions from the panel, I'd like to reserve the remainder of my time. We will save it for you, counsel. Thank you. Ms. Bond. May it please the court. The veterans' court simply applied familiar and correct legal principles. No, I don't think that's true. The veterans' court made a mistake. On page six here, in seeming to suggest that for schizophrenia, there has to be a determination of a stressor and that the delusional things that he had weren't real and therefore there wasn't a stressor. They seem to have confused the standard for PTSD with the standard for schizophrenia, no? I don't think that's what the veterans' court's doing here. That sentence starts out with, in other words, so it's trying to restate the principles that it said earlier in the paragraph. And the remainder of that paragraph, as Judge Hughes observed, does indicate that the veterans' court understood that an in-service event is not synonymous or coextensive or necessary to prove in-service incurrence because the very preceding sentence, preceding the words, in other words, says, in the absence of an in-service event or incurrence. This is the veterans' court decision? Yes. It's six lines from the bottom on JA6. It's after a semicolon. The veterans' court states, in the absence of an in-service event or incurrence, an opinion with respect to nexus is an apposite. So there the veterans' court is indicating its understanding that incurrence is not synonymous with an in-service event. And it's citations there. If the veterans' court had, in fact, applied this PTSD requirement of an in-service stressor, one might expect to see legal citations to PTSD cases or regulations like 3.304F, which includes the stressor requirement. But this, in other words, sentence needs to be addressed to PTSD. It's not a correct statement of the law as far as schizophrenia is concerned, right? It is a correct statement of the law applied to the facts of this case. It was Mr. Paredes, not the veterans' court, that linked the alleged in-service event to the incurrence prom. I'm simply not understanding what you're saying. If he testified, and apparently he did, that he had these delusions while he was in service, that was evidence of schizophrenia, and it can't be dismissed on the ground that the description were a description of delusions, right? If that was presented to the veterans' court, and if the veterans' court had dismissed that evidence out of hand, that would have been incorrect. But what happened here is that the board considered all of that evidence. The board considered all of the theories of incurrence, including in-service manifestation. I don't understand what you're saying. How can it be that the board says that the claimed 78 events are delusions? They're not real. His reports of the events cannot be credible. But his reports of delusions certainly can be credible, right? Perhaps, but the board found that at JA-150, the board's third finding of fact, the board said the veteran has not been shown to have a psychiatric disorder that manifested during active duty service. And then in the Statement of Reasons and Basis, the board further explains at JA-156. I don't have a problem with what the board. I don't think there was legal error in what the board did. That's not what we're talking about. What they're saying is there was a legal error before the veterans' court, which deprived them of the veterans' court reviewing the actual finding that the board made that his description of what the delusions that he had while in service were not sufficient to show schizophrenia in the light of the medical assessment. Yes, and the trouble with that argument is that it was already rejected by the board and not raised again to the veterans' court. The only evidence that Mr. Peretti's rake. What do you mean it wasn't raised? I thought it was raised before the board. No. The allegations of in-service hallucinations and in-service delusions, that was only raised to the board. It was not raised to the veterans' court. And the best place to see Mr. Peretti's argument about incurrence is in the reply brief to the veterans' court at JA-208. The second paragraph, the first full sentence of the second paragraph at JA-208, says that Mr. Peretti's lay statements in which he claims he was drugged, taken to an unknown area, and attacked, so these are the lay statements about the alleged events in 1978, reasonably raised the issue of whether his accounts meet the second element of an in-service occurrence to support his claim for service connection. And the remainder of that paragraph is addressing other principles about lay evidence. So this is the evidence he points to to support step two. And the veterans' court acted properly. But this is raising the issue. It's raising the issue that the board made an error by not crediting his lay statements, right? By giving way to it. But he's pointing only to the lay statements about the alleged events from 1978, and that's what the veterans' court understood it was addressing, and only those lay statements. He's pointing to those statements as evidence of an in-service event of trauma or the like, not as an in-service incurrence of schizophrenia. Is that the way you're reading it? I'm reading it as he's saying that this in-service event meets the incurrence. It does say occurrence instead of incurrence, but in the immediately preceding paragraph it refers to the three-step test, and it seems to just mistakenly have said occurrence. It seems to mean incurrence there. I may be wrong about this. I thought he was not raising the PTSD claim before the veterans' court. That's correct. He was not. So this must be addressed to the question of whether he's not trying to show that he had a stressor because that's a PTSD standard. He's trying to show that he had delusions while in service to support a claim for schizophrenia.  And the way the veterans' court understood them is that he was arguing that he had an in-service event that caused his later schizophrenia. And the veterans' court noted that his two arguments were connected. The first argument was that the board failed to consider credibility about whether these claimed in-service events actually happened. And in the veterans' court, again at JA-6, the veterans' court addresses that, referring expressly to, quote, his lay statements regarding the claimed events in service. And when the board at the outset starts to address Mr. Paredes' second argument, it's still referring to those same lay statements. The other issues about in-service symptomatology was simply not raised to the board. It had already been rejected by the veterans' court, had already been rejected by the board. And so the veterans' court what really truly was just applying normal principles of incurrence to the claimed in-service events. And even the sentence challenged by Mr. Paredes refers to the claimed in-service events. And if the veterans' court had been improperly applying a general new legal standard requiring an in-service stressor in all cases of schizophrenia, you would expect to see a general statement of that law. But instead, the veterans' court refers to the claimed in-service events. So according to the veterans' court's own decision, it understood that it was simply applying normal principles of law to the facts, as presented by Mr. Paredes. And, again, the legal citations it points to are instructive here. For example, the case Dwayne S. v. Prentissi. So is this coming down to a failure of the veteran to argue his claim properly? Because I think you would agree that if he had been more explicit, that he's not claiming that these in-service events occurred and caused his schizophrenia, but rather his recollection of these events and his delusions during service showed that he had schizophrenia in service, that that would be an appropriate way and an appropriate lay statement to support evidence. And it doesn't seem to me that the veterans' court properly considered that argument if he'd made it. I think you're saying he didn't make it. He did not make it. And, in fact, in his statements, for example, at JA-33, the veteran said that he believed— Shouldn't we more liberally construe these pleadings, given that he's a veteran, a schizophrenic veteran? I mean, it's not particularly clear to me, one way or another, what he was arguing. Well, the board did sympathetically construe these claims and considered all possible theories of incurrence and found, broadly and generally, that he did not show manifestation or an in-service event. No, I don't think they considered this argument. That's your problem. The board did. The board did. The board did. We're not reviewing the board. We're reviewing the veterans' court, and the veterans' court didn't consider that. The board may have done a fine job in addressing the correct standard, but he was entitled to argue before the veterans' court that they made a factual error. And if he was arguing before the veterans' court that they made a factual— that the board made a factual error in not giving adequate consideration to his descriptions of his delusions in service, that was an issue which the veterans' court should have addressed, and it did not address it. The veterans' court didn't address it because that argument wasn't made to the veterans' court. And this isn't really a waiver argument, but to speak to your concern about construing broadly, again, the board did, and the veterans' court is an adversarial tribunal, and it's appropriate for the veterans' court to consider the arguments that are put to it. And in this case, the argument put to it with regard to incurrence, in-service incurrence, was simply this alleged in-service event. So that's why the board didn't stray further— sorry, that's why the veterans' court didn't stray further and address factual issues that had already been rejected by the board. I'd like to also address this as a matter of law statement in the sentence challenged by Mr. Paredes. Really, all that sentence is saying is that when step two of the familiar three-step process for showing service connection, when step two is not satisfied, there can be no service connection regardless of the merits of step three. So, again, here the citation to Duenas is instructive. Duenas was a case where the veterans' court found there was an error in the nexus analysis by the board, but nonetheless held it was harmless because there was no in-service incurrence. And here the veterans' court is saying it will not review the nexus arguments by Mr. Paredes because it's already found that there was no in-service incurrence because the only evidence for incurrence that Mr. Paredes raised were these in-service events, which the veterans' court found were not credible. So, although Mr. Paredes, before the veterans' court, did raise issues of the alleged problem sleeping and the alleged drug use, he was arguing those as evidence of nexus. And we know that because at JA210, the veteran at the very first full paragraph, the veteran starts out by addressing the next question, would we nexus? I'm just looking at this opening brief in the veterans' court. I don't see where he is saying that the board made an error in finding that the events described in the delusions didn't happen. I see him as arguing that they improperly dismissed his testimony that he had delusions. Can you show me where he is saying that they made an error in not believing that the delusions were accurate descriptions of events during service? Yes. So, for example, at JA186, the last sentence of the first full paragraph, it states here, Mr. Paredes presented numerous and various lay statements and illustrations that described his account of an incident during his service in 1978. Because in summary, Mr. Paredes believed that he was drugged in late 78 and taken to an unknown area. Yes, so he's describing that as being evidence that the board improperly did not consider whether those events actually happened. I don't see that. Where does he say that's the issue? So, also, I think the best place to look is in the reply brief, actually. That's the clearest statement of his arguments about incurrence. And there he is pointing to these lay statements of 1978. And also, the only time he ever specifically says what the lay statements are, he's referring to the 1978 statements. He doesn't mention, from my reading, he does not mention the hallucinations, the alleged hallucinations or the alleged delusions in service. Why shouldn't we send it back to the board to have them determine, I mean to the Veterans Court, to have it determine whether he properly raised this argument or not, rather than our trying to decide whether he raised it? Well, because it's not really a question of waiver, Your Honor. It's more a question of did the Veterans Court apply a legal standard that's incorrect. And it did not because it simply cited to normal legal principles. But it did. If he made this argument, don't you agree that they made an error in not considering it? If he had made this, if he had alleged in-service symptomatology, perhaps, but the Veterans Court's opinion reflects that it did not understand him to make that argument and instead reflects that it understood in-service events to be not coextensive with or required to prove incurrence. Thank you. Thank you. Ms. Bond, Mr. Ilaqua has some rebuttal time. Your Honors, the Veterans Court made no finding that Mr. Paredes did not raise an argument regarding in-service symptoms before it. Rather, the Veterans Court stated as a matter of law, he's not entitled to service connection without in-service events. And then the very last sentence in its opinion on page 6 of the joint appendix, or I'm sorry, the very last sentence of its main analysis, it states it need not consider Mr. Paredes' remaining arguments. So they made no finding that the in-service events were the sole basis for Mr. Paredes' argument for service connection. And as a matter of fact, Mr. Paredes' arguments were not strictly based on the in-service events. That's sort of a confusing statement because in-service events can mean two different things. In-service events could mean, one, he had delusions while he was in service, or two, that the delusions were a description of real events. And the second argument, if it were made, doesn't really cut it. It's the first argument you have to be relying on, that he was arguing that he had delusions while he was in service and that that was evidence of schizophrenia. Did he argue that before the Veterans Court? He did argue before the Veterans Court that the board failed to make a credibility determination regarding in-service symptoms. And it's not simply only delusions, but it's... I've read your briefs for the Veterans Court numerous times, and it seems to me they concentrate on his testimony that these events actually occurred. I mean, I'll take you back to the pages we were just looking at in your opening briefs, the Veterans Court of 186 and 187. The second full paragraph from 186, it starts out by, in the summary, believed he was drugged and describes the events. The third sentence reads, a service treatment record suggested the possibility they may have been missing for several weeks. I read that as suggesting evidence to show that this actually happened. And you go further on, onto the next page on 187, the bottom of that carryover paragraph, the other service and medical personnel records offer consistency corroboration to his reported 1978 incident, which seems to me to read the alleged abduction and the like. So I find it very hard to find a specific description of him arguing that he had delusions in service. Rather, this all seems to be suggesting that he actually had an incident, the alleged abduction, which caused his schizophrenia. Well, certainly we did argue regarding the actual event in service. We're not challenging the Veterans Court. That seems to me to be the focus of your briefs to the Veterans Court. It was part of the focus of the briefs, but the argument we raised was stronger than that. I'm sorry, broader than that. And looking beyond on page 186 of the brief, we do also discuss in-service symptoms, such as trouble sleeping mentioned during his discharge examination, which may indicate early manifestations of his schizophrenia, especially since insomnia and difficulties in sleep have continuously been symptoms endorsed by Mr. Peredix. So we are talking there about his own statements of in-service symptoms. And then looking at page 189 of the joint appendix, we compare this case to Dalton and discuss how the court found that the board erred when it prematurely concluded the evidence lacked a showing of in-service occurrence without first making a credibility determination of the lay evidence. That's not limited just to the in-service statements of these events of being drugged and taken to a camp. Page 190, we state the record contains lay statements along with other helpful evidence reflecting plausible in-service occurrence that may have led to the development of... But the problem is that statement taken out of context might support you, but when you read most of the factual descriptions here, it's talking about his allegations that these events actually happened that caused his schizophrenia, not that his later allegations that these happens were evidence of his schizophrenia. Well, I would argue we're not... I think it's very, very unclear from all of this, whether you made the allegations specifically enough for the Veterans Court to understand what error you were making, and certainly the Veterans Court opinion is fairly unclear too. That would be a determination, I think, for the Veterans Court to make in the first instance. Here they made no determination that we had waived any arguments regarding in-service symptoms. We discuss in-service symptoms in the brief, in both briefs. You know, even moving on to in the statement of the case before the Veterans Court, we cite to... We're not going to move on, Mr. Alarco, because your time has well expired. Thank you for your argument. Thank you.